IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ROBIN DONNA WHITE, :
:
    Plaintiff, :
:
v. : CASE NO.: 1:11-CV-35 (WLS)
:
WAL-MART STORES, INC., #0858, :
:
    Defendant. :
:

**ORDER**

Before the Court is the *pro se* Plaintiff's Motion for Federal Law Enforcement Investigation. (Doc. 19). For the following reasons, Plaintiff *pro se*'s Motion for Federal Law Enforcement Investigation (Doc. 19) is **DENIED**.

Plaintiff *pro se*'s Complaint (Doc. 1) alleges that the Defendant-employer discriminated against her in her employment on the basis of her disability, in violation of the Americans with Disabilities Act. Plaintiff *pro se*'s instant Motion requests that the Court order "the [a]ppropriate United States Law Enforcement Investigation into" the alleged Whigham Police Department harassment of a third party, Josh Dean, that occurred on the nights of February 25 and 27, 2011. (Doc. 19 at 1-2). Plaintiff *pro se* asserts that Dean is a witness to the employment discrimination that she allegedly suffered,[1] and that an employee of Defendant who has been a source of discrimination is also a member of the Whigham Police Department and was present at both of the alleged occurrences of police harassment of Dean. (*Id.*).

The Court finds that it lacks jurisdiction to provide the relief requested. Even beyond Plaintiff *pro se*'s obvious standing deficiency, *see* <u>Miccosukee Tribe of Indians of Fla. v. Fla.</u>

---

[1]     Indeed, it appears that Dean's signature is found on a witness statement that is attached to Plaintiff *pro se*'s Complaint, (*see* Doc. 1-1 at 8-9), and that Plaintiff *pro se* has filed multiple statements by Dean (*see* Doc. 9).

1

State Athletic Comm'n, 226 F.3d 1226, 1230 (11th Cir. 2000) ("Absent exceptional circumstances, a third party does not have standing to challenge injury to another party."), it is plain that granting Plaintiff *pro se*'s request would cause the Court to violate the United States Constitution's Separation of Powers Doctrine. As recently explained by Judge Royal of this District:

> [A] court has no authority to order a criminal investigation or prosecution. The United States Constitution prescribes a separation of powers among the executive, legislative, and judicial branches. The investigation and prosecution of crimes is solely a function of the executive branch, and the executive has full discretion in determining what crimes to investigate or prosecute. "It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in the control over their criminal prosecutions." United States v. Hayes, 589 F.2d 811, 819 n.3 (5th Cir. 1979).

Wise v. Heddell, No. 5:09-cv-127 (CAR), 2010 WL 2688730, at *5 (M.D. Ga. July 1, 2010); *see* United States v. Renfro, 620 F.2d 569, 574 (6th Cir. 1980) ("The decision of whether or not to prosecute, like the decision of whether or not to grant immunity from prosecution, is a decision firmly committed by the constitution to the executive branch of the government."); *see also* Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding Eleventh Circuit precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981). Thus lacking authority to provide the relief requested therein, the Court must find that Plaintiff *pro se*'s instant Motion should be denied.

Accordingly, for the foregoing reasons, Plaintiff *pro se*'s Motion for Federal Law Enforcement Investigation (Doc. 19) is **DENIED**.

**SO ORDERED**, this  17th  day of June, 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**